**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

**AFFIDAVIT IN SUPPORT OF TWO CRIMINAL COMPLAINTS for C.M. and E.C. and a SEARCH WARRANT FOR AN APPLE IPHONE 5s**

I, Matthew G. Hancock, being duly sworn, deposes and says:

**INTRODUCTION**

1.      I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, in that I am empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

2.      I am a sworn "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7), that is, I am an officer of the United States who is empowered by law to conduct investigations of and make arrests for the offences enumerated in 18 United States Code, Section 2516. I have been employed as a State Trooper with the Connecticut State Police since June of 2015, under the command of Major Jack Goncalves #008, of the Central District Major Crime Division. I was previously a sworn member of the New Haven Police Department on March of 2014. I am presently a sworn Task Force Officer with the Federal Bureau of Investigation (FBI), which I have been since July of 2018. I am currently assigned to the Safe Streets Gang Task Force Squad in the New Haven FBI Field Office, in Connecticut. I have been the principal investigator in investigations involving narcotics and firearms trafficking, violent gang/criminal enterprises, drug cartel trafficking organizations, and interstate theft rings.

3.      Through my experience in law enforcement, I am familiar with, and have utilized, a wide variety of investigative techniques, including but not limited to the development of

1

confidential Human Sources, Title III wiretaps, source debriefings, physical surveillance, trash pulls, controlled purchases, telephone toll record analysis, pen registers, search warrants, and arrest warrants. As a result of my training and experience, I am familiar with federal laws. In addition, I have executed numerous search and arrest warrants, coordinated controlled purchases of contraband utilizing cooperating sources, conducted electronic and physical surveillance, and debriefed cooperating sources.

4.      I submit this affidavit in support of:

(1) applications for criminal complaints and arrests warrants for CHRISTOPHER MULKERN and EDWIN CORDERO JR. for violating Title 18, United States Code, Sections 371 and 2312 and 2313 (Conspiracy and Interstate Transportation and Possession of A Stolen Vehicle);

(2) an application for a search warrant for an white Apple iPhone 5s with a cracked screen, referred to as the "**Subject Phone**," which is currently in the possession of the FBI New Haven field office, more particularly described in Attachment A, seized by the Stratford Police Department on December 2, 2020, and the extraction from the **Subject Phone** of electronically stored data particularly described in Attachment B for evidence of Title 18, United States Code, Sections 371, 2312 and 2313 (Conspiracy and Interstate Transportation and Possession of Stolen Vehicles); Title 18, United States Code, Sections 922 (g) and (j) (Felon in Possession of Firearms / Possession of Stolen Firearms); and Title 18, United States Code, Section 1029 (Access Device Fraud) (collectively, the "Target Offenses")"

5.      The facts in this affidavit come from my personal observations, my training and experience, my conversations with other police officers, agents and task force officers, my review of reports and video surveillance, and information obtained from other witnesses.  This affidavit

is intended to show merely that there is sufficient probable cause for the requested criminal complaints and arrest warrants and requested search warrants and does not set forth all of my knowledge about this matter.

## LEGAL BACKGROUND

6.      Title 18, United States Code, Section 2312 provides in relevant part that "[w]hoever transports in interstate or foreign commerce a motor vehicle . . . knowing the same to have been stolen," is guilty of a crime. Section 2313 of Title 18 provides in pertinent part that "[w]hoever receives, possesses, conceals, stores, barters, sells, or disposes of any motor vehicle . . . which has crossed a State or United States boundary, after being stolen, knowing the same to have been stolen," is guilty of a crime.

## FACTS SUPORTING PROBABLE CAUSE

7.      The FBI is conducting a criminal investigation of CHRISTOPHER MULKERN and EDWIN CORDERO JR. (herein "MULKERN" and "CORDERO"), and others known and unknown, for repeatedly stealing motor vehicles and utilizing them to travel within the State of Connecticut and to neighboring states to steal other vehicles and the valuables inside, including credit cards, cellular telephones, and firearms. I believe,  based on the investigation as described below, and my training and experience, that MULKERN and CORDERO frequent upper middle-class neighborhoods, to go "car-checking" or "jigging," defined as attempting to open the door of a motor vehicle and, if successful, steal the vehicle and/or valuables inside. MULKERN and CORDERO then use that stolen vehicle to continue "car-checking," "jigging," and theft of further vehicles and valuables within those cars. MULKERN is a convicted felon with two 2018 and one 2019 felony convictions for Larceny in the First Degree and a 2018 conviction for Burglary in the third degree. CORDERO does not appear to have any felony convictions but has a pending

3

February 2019 arrest for Larceny 2, Payment Card Fraud, Auto Teller Fraud and Burglary 3, a pending March 2019 arrest for Burglary 3 and Larceny 3, and a pending November 2019 arrest for Burglary 3 (12 counts), in addition to pending state charges for the matters described below. CORDERO has a non-extraditable warrant pending in the State of New York for Failure to Appear in connection with a previous Larceny arrest in that state.

8.      On December 1, 2020, at approximately 5:13 p.m., the Westport, Connecticut Police Department responded to a residence on Mayflower Parkway for a report of a stolen motor vehicle. Upon arrival, the Westport officer was met by the victim, A.R., whose identify is known to me,[1] who reported that her vehicle was stolen from her driveway, described as a white, 2018 Porsche Panamera, bearing Connecticut registration AA86746, with Vehicle Identification Number (VIN) WP0AA2A76JL111063 (herein referred to as the "Porsche"). A.R. explained that she had parked her Porsche in the driveway and left the keys inside the vehicle. A.R. stated the valuables inside the Porsche consisted of credit cards, her driver's license, and her garage door opener. A.R. provided video surveillance of the Porsche theft to the Westport Police, but the theft was not clearly captured. The Westport Police entered the Porsche into the National Criminal Information Center ("NCIC") as a stolen vehicle.

9.      On December 2, 2020, at approximately 12:30 a.m., Officer Effman of the Westerly, Rhode Island Police Department was on-duty in his patrol car in the area of Airport Road in Westerly. Officer Effman noticed a vehicle approach him with its high beams on, and Officer Effman conducted a U-turn to position his patrol car behind the vehicle. Officer Effman observed the vehicle stop at the next intersection and conduct a U-turn. Officer Effman described

---

[1] The victims of any alleged or and/or suspected crimes detailed herein will be referred to by his or her initials but their true identity is known to me through police reports.

4

the vehicle as a white Porsche with Connecticut registration (i.e., license plates). Officer Effman conducted another U-turn in an attempt to follow the Porsche, however it was already out of view. Officer Effman radioed to Westerly dispatch the description of Porsche and the last direction of its travel.

10.     Around the same time, Officer Torres of the Westerly, Rhode Island Police Department was on-duty in his Westerly Patrol Vehicle in the area of Grove Avenue when he observed the Porsche. The Porsche accelerated at a high rate of speed in what appeared to be an attempt to evade Officer Torres. Officer Torres positioned his patrol vehicle behind the Porsche and activated his lights and siren.  The Porsche ignored Officer Torres' signal by increasing the speed and disregarding traffic lights and stop signs. Officer Torres radioed to dispatch his speed of 45 M.P.H. and that the Porsche was increasing its speed.  As the Porsche turned onto High Street, another officer, Officer Turner positioned his vehicle behind the Porsche, activated his lights and siren. Both Officer Turner and Officer Torres were behind the Porsche with their lights and siren activated, while the Porsche continued to ignore the Officers and drive in a reckless manner. The Porsche then crossed the Rhode Island and Connecticut border, at which time Sergeant Johnson of the Westerly Police Department advised the officers to terminate the pursuit of the Porsche.

11.     At approximately 12:47 a.m., after the Westerly Police Department advised the Stonington Police Department of the stolen Porsche, Officer Saunders (Stonington Police Department) saw the Porsche and attempted to stop the car with his light and sirens. Officer Saunders used the patrol vehicle's speedometer to clock the Porsche at approximately 86 M.P.H. and verified the registration of Connecticut AA86746, i.e., the stolen Porsche belonging to A.R. of Westport.  Due to the reckless operation of the Porsche, Officer Saunders terminated the pursuit.

12.     Officer Long of the Stonington Police Department then positioned his patrol vehicle in a stationary position on Route 1 and observed the Porsche traveling eastbound. Officer Long began to follow the car but did not activate his lights or sirens. Officer Long followed the Porsche into Westerly, Rhode Island. Officer Long continued to follow the Porsche. Officer Long followed behind the Porsche traveled south on Main Street, north onto Union Street, west onto Broad Street, and traveled back into Stonington, Connecticut. Officer Long terminated the follow of the Porsche. The on-duty supervisor, Sergeant Hersh, advised all units to terminate all pursuits of the Porsche. Officer Sundman positioned his patrol cruiser on the I-95 south, exit 91 ramp. At approximately 1:08 a.m., Officer Sundman observed the Porsche travel onto I-95 south and continue south at a high rate of speed.

13.     Later that morning (December 2, 2020), at approximately 4:01 a.m., the Milford Police Department was dispatched to area of Sea Flower Road for a report of a suspicious incident, involving a white vehicle with the occupants "car-checking" various vehicles' door handles. Officer Rivera arrived in the area in his patrol vehicle when he observed a white Porsche Panamera with the lights off and doors of the vehicle open. Officer Rivera observed one male run and enter the passenger side of the Porsche, while three other males ran from the driveway of a house on Milford Point Road. The three males entered a 2018 Dodge Challenger, started the vehicle, and began to flee. As the Dodge fled, the vehicle struck a second vehicle, a Volkswagen sedan. Officer Rivera observed the Porsche and Dodge flee the scene in tandem. Officer Rivera spoke A.P., the owner of the grey 2018 Dodge Challenger (Connecticut registration AN73450), who advised his Dodge was stolen and his Volkswagen was struck.

14.     Later that same day, at approximately 6:47 p.m., Officer Brown of the Stratford Police Department was on-duty when he located the Porsche traveling West on Stratford Avenue.

6

Officer Brown was operating an unmarked patrol vehicle and began to follow the Porsche. At the intersection of Bruce Avenue and Boston Avenue, the Porsche and Officer Brown came to a stop at a red light, with the Porsche behind a sedan driven by a civilian. Officer Forestier of the Stratford Police Department arrived in the area and positioned his vehicle directly behind the Porsche while activating the lights and siren. The Porsche then rammed the sedan directly in front of it and drove up on the sidewalk around the sedan and away from the police. The Porsche drove through the red light at the intersection and struck a second vehicle that was driving through the intersection, causing that car to flip onto its roof. (The passenger suffered non-life threatening injuries and the car was damaged). With heavy damage to its own front end, the Porsche fled the scene and continued traveling on Boston Avenue. Officer Brown rendered first aide to the accident victims while Officer Forestier pursued the Porsche through Stratford, noting that the hood of the Porsche was unlocked and up blocking the operator's view. Officer Forestier notified Stratford dispatch the Porsche was traveling at speeds up to 40 miles per hour, utilizing all lanes of the roadway.

15.    The Porsche entered the I-95 southbound ramp and continued traveling with the vehicle's hood up. The Porsche got off exit 27-B in Bridgeport and eventually stopped in the middle of the roadway directly in front of 359 Gregory Street. As the Porsche stopped, two males (later identified as MULKERN and CORDERO) exited the vehicle and began to run towards another vehicle that was parked and unoccupied, described as a black, 2014 Audi A4 Allroad Premium Plus, with Connecticut registration AM65276. Officers gave verbal commands to stop but both MULKERN and CORDERO ignored those instructions. MULKERN and CORDERO opened the Audi doors with MULKERN in the driver's seat and CORDERO in the front passenger seat. MULKERN grabbed onto the steering wheel and attempted to press the "start ignition" button, however Officer Forestier deployed his department-issued Taser. MULKERN was

arrested.  During a search of MULKERN incident to arrest, Officer Forestier located (2) two silver American Express credit cards, one in the name of J.Z. and the other in the name of A.R., the victim-owner of the Porsche.

16.     Meanwhile, Officer Facto ran towards CORDERO, who was trying to crawl into the operator's seat after MULKERN was taken into custody. The officer was able to physically pull CORDERO from the car and arrest him. During a search of CORDERO incident to arrest, Officer Facto located the key fob to the Audi A4 inside CORDERO's jacket pocket and a second key fob labeled "DODGE."

17.     A COLLECT query of the license plate affixed to the 2014 Audi (Connecticut AM65376), returned to a different car, a 2007 Audi A3 2.0 Premium (VIN WAUNF78PX7A154425), registered to E.R. of Bridgeport, Connecticut. A COLLECT query of the 2014 Audi VIN revealed that it was registered in Massachusetts with license plate 8PN811. The owner, D.S., reported the vehicle stolen on November 27, 2020 from Old Saybrook, Connecticut.

18.     Officer Facto and Officer Forestier searched the stolen 2014 Audi A4 which resulted in seizing the following evidence:

- Four Jeep key fobs (One Jeep fob had a dealership tag attached to VIN 1C4HJXEG4JW101197, which is a spare key to Jeep Grand Cherokee, owed by A.C. of White Oak Shade, New Canaan, Connecticut);

- (3) Three Toyota key fobs

- (1) One Volkswagen key fob;

- (1) One Hyundai key fob;

- (1) One Honda key fob;

- (1) One Mercedes key fob

- (1) One Land Rover key fob with dealership tag attached, VIN SALEXEEU8L2019860 (A spare key fob to a stolen Land Rover Defender, registered to W.J. of Buena Vista Drive, Westport, Connecticut).

- One Dodge key fob

- (1) One grey key

- (1) One window punch/ hammer

19.     Officer Brown searched the stolen Porsche Panamera which resulted in seizing the following evidence:

- One white Apple IPhone 5s cellular phone (the "**Subject Phone**")

- (1) One black and blue Samsung cellular phone

- (1) One black Samsung S4 cellular phone with a black case

- (1) One gold and silver HTC cellular phone

- (1) One black Samsung cellular phone with a black Otter box case

20.     As noted above, a key fob located inside CORDERO's jacket pocket possession was labeled "DODGE." Officers suspected that it belonged to the stolen vehicle described above in connection with the auto theft in Milford on the morning of December 2, 2020. Detective Martocchio of the Bridgeport Police Department, Auto theft Unit, located a Dodge Challenger unoccupied in front of 112 Main Street, Bridgeport, Connecticut. Officer Fressola (Stratford Police Department) brought the "DODGE" key fob to 112 Main Street and pressed the unlock/lock button. The key fob unlocked and locked the Dodge Challenger.

21.     The investigation into the origins of the other key fobs described above remains ongoing.

22. MULKERN was transported by ambulance to Bridgeport Hospital and CORDERO was transported by Stratford cruiser to Stratford Police Department.

23. ██████████████████████████████████████████████

██████████████████████████████████████████████████

   ▪ ████████████████████████████████████

   ▪ ██████████████████████████████████████████

     ██████████████████████████████████████████

     ██████████████████████████████████████████

     █████████████████████████

   • ██████████████████████████████████████████

     ██████████████████████████████████████████

     ██████████████████████████████████████████

     ██████████████████████████████████████████

     ██████████████████████████████████████████

     █████████████████

   ▪ ██████████████████████████████████████████

     ██████████████████████████████████████████

     ██████████████████████████████████████████

     ███████████████████████

   • ██████████████████████████████████████████

     ██████████████████████████████████

---

[2] ██████████████████████████████████████████████████
████████████████████████████████████

24.     MULKERN is currently being held on a $75,000 bond by the State of Connecticut in connection with the December 2, 2020 arrest; CORDERO posted a $30,000 bond in connection with his arrest and is not in custody.

25.     A.R., the owner of the stolen Porsche and one of the American Express credit cards found on MULKERN's person, advised there were no fraudulent charges on the American Express card, however when she gathered the belongings from the Porsche following the arrests, missing items from the vehicle consisted of approximately $1,500.00 and a diamond bracelet. Law enforcement is attempting to contact the other individual whose American Express card was seized, J.Z.

26.     I am aware from the Meriden Police Department that CORDERO was the victim of a shooting in that city on September 1, 2020. CORDERO was shot in the left hip in the area of the Redroof Inn and explained to responding officers that an individual had shot him during an attempted marijuana sale. Meriden officers located CORDERO's Apple iPhone 5 near where they found CORDERO. Later at Hartford Hospital, CORDERO was interviewed by Meriden officers. He agreed to speak to the officers and signed a written "Consent to Search Form," for his Apple iPhone (believed to be a different device than the **Subject Phone**) and gave officers the passcode for the telephone. I have reviewed an extraction report from that phone, which shows the following:

- Photograph of at least one credit card in another individual's name;

- Photographs of firearms, including a black Ruger with an extended magazine clip, and photographs of CORDERO posing with what appears to be firearms;

- A video taken on September 1, 2020 of CORDERO and three other individuals who all appear to be pointing firearms at the camera and waving them around;

- Screenshot photographs of firearm's accessories, including "Glock 9mm air holes in slide,";

- Screenshots of media reports with videos of home surveillance footage capturing car thefts, including NEST Home Security;

- A text message discussion with an individual identified as "HB Dionte," who asks CORDERO: "How many cars y'all got? I need one ASAP rs.";

- A text message discussion with an individual identified as "O" who asks CORDERO "Westport vibezz. Tn (tonight).";

- CORDERO posting with multiple high-end cars with their doors open

- Photographs appearing to be "surveillance" photos of cars parked on streets including a black Porsche;

- Screen shots of maps/ driving directions to Westport and Mystic, Connecticut areas and Wappingers Falls, New York;

- Purchase receipt for a $3,300 Louis Vuitton tote;

- CORDERO searching through "Google" stolen vehicle news articles from Old Saybrook, Stamford, Greenwich, Fairfield, Stratford, Bridgeport, New Haven, Mansfield, and Killingly.

- CORDERO and "Bryan" ▮▮▮▮▮5893) text discussion from August 30, 2020:

  o BRYAN: Yo what we doing

  o CORDERO: You tryn to go w chucky and Ollie??

  o BRYAN: R u going. Nigga let's just rob niggas coming out the bank

- CORDERO: We don't got a valid v for that. We gotta v to jugg rq for another one.[3]

- BRYAN: Let's go

27. ████████████████████████████████████████

████████████████████████████████████████

████████████. I believe that this conversation between Bryan and CORDERO details the two coordinating to steal more vehicle with MULKERN, along with committing other crimes.

28. Based on the foregoing, it appears that CORDERO regularly uses his cellular telephone in connection with his motor vehicle theft activity by taking photographs of the cars, engaging in text messaging discussions about stolen cars, and taking photographs of items that may have been taken during those thefts, including credit cards and firearms. It also appears that CORDERO uses his cellular telephone to map to locations where he is known to have stolen cars and/or taken stolen cars, including Westport and the Mystic, Connecticut areas. Based on this observed pattern, I believe that any phone being used by CORDERO at the time of his December 2, 2020 arrest would have a similar pattern of evidence.

29. The phones seized by Stratford Police Officers on December 2, 2020 were transported back to the Stratford Police department. Of the phones seized, the white, Apple IPhone 5s, was identified EDWIN CORDERO's phone, i.e., the **Subject Phone** during his consensual interview. I am aware that on December 8, 2020, a representative of the U.S. Attorney's office contacted the United States District Court to make an appointment to apply for the requested search

---

[3] Based upon my training and experience and familiarity with this investigation, I believe that "v" is slang for "vehicle."

warrant for that device. As of 12:00 noon on December 11, 2020, I understand that CORDERO has not contacted the Stratford Police Department nor the FBI for the return of the **Subject Phone**.

30.     The **Subject Phone** is an Apple iPhone. Your affiant is aware that iPhones enable location services which allow Apple and third-party application and websites to gather and use information based on the current location of the iPhone to provide a variety of location-based services. Location services associated with the iPhone use GPS and Bluetooth (where available) along with crowd-sourced Wi-Fi hotspot and cell tower locations to determine the device's approximate location. There is probable cause to believe, and I do believe, that location information stored on the **Subject Phone** may reveal the location of co-conspirators, evidence, stashed stolen vehicle locations, and a pattern of life of members of the MULKERN and CORDERO both in Connecticut and other unknown locations.

31.     *Nature of examination*.  Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the **Subject Phone** consistent with the warrant.  The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

32.     *Manner of execution*.  Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of the requested warrant does not involve the physical intrusion onto a premises.  Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

**CONCLUSION**

33.     Based upon the foregoing, there is probable cause to believe, and I do believe,

that MULKERN and CORDERO have committed violations of 18 U.S.C. §§ 371, 2312 and 2313

and that there is probable cause to believe that electronically stored information described herein

and in the attachment hereto is recorded on the **Subject Phone** and constitutes evidence, fruits

and/or instrumentalities of the Target Offenses.

34.     Based on the foregoing, I respectfully request that this Court issue the two

requested criminal complaints/ arrest warrants and an order authorizing the search of the **Subject**

**Phone**, as more fully described in Attachment A, for the items, materials and records more

specifically identified in Attachment B.

HANCOCK.MATTH
EW.G.H45X58C86
Digitally signed by
HANCOCK.MATTHEW.G.H45X58
C86
Date: 2020.12.11 15:30:19 -05'00'

Matthew G. Hancock
Task Force Officer

The truth of the foregoing affidavit has been attested to me by Task Force Officer Matthew

G. Hancock over the telephone this ___11___ day of December, 2020.

Sarah A. L.
Merriam, U.S.M.J.
Digitally signed by Sarah A. L.
Merriam, U.S.M.J.
Date: 2020.12.11 16:32:39 -05'00'

SARAH A.L. MERRIAM
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### Property to Be Searched

The property to be searched is the following item, which is presently located at the FBI

New Haven Field Office:

One White iPhone 5s with cracked screen seized by Stratford Police on December 2,

2020, herein referred to as the "**Subject Phone**"



**ATTACHMENT B**

**Particular Items to Be Seized**

All records on the Subject Phone described in Attachment A that relate to violations of 18 U.S.C. §371(Conspiracy); 18 U.S.C. §922(g)(1)(Felon in Possession of a Firearm), 18 U.S.C. § 922(j)(Possession of a Stolen Firearm); 18 U.S.C. §§ 2312 and 2313 (Interstate Transportation and Possession of Stolen Vehicles); and 18 U.S.C. § 1029 (Access Device Fraud) (collectively, the "TARGET OFFENSES") since September 1, 2020 to December 2, 2020, including:

1. All records, including photographs, concerning the purchase, sale, use, trade, transfer or possession of any firearms (including parts or materials), ammunition, and motor vehicles;

2. All communications, including text messages and emails, concerning the purchase, sale, use, trade, transfer or possession of any firearms (including parts or materials), ammunition, and motor vehicles;

3. All communications concerning the possession and/or use of any credit cards;

4. The telephone number, ESN number, IMEI number, other identifying number, serial number, and SIM card number of the Subject Phone;

5. All records which tend to demonstrate ownership and use of the Subject Phone, and identification bearing the name or photograph of any person, telephone books, address books, date books, calendars, personal files, and photographs of persons contained in the Subject Phone;

6. Descriptions of time, date, locations, items, or events showing or tending to show the commission of, or connecting or tending to connect a person to, the above-described crimes;

7. GPS coordinates, waypoints, destinations, addresses, and location search parameters associated with GPS navigation software;

8.  Saved searches, locations, and route history in the memory of the Subject Phone;

9.  Internet browsing history, to include, internet searches in the memory of the Subject Phone; and

10. Images and videos in the memory of the Subject Phone.